Brenda LONGWE, Nthanda Longwe, Petitioners–Appellants,

v.

Peter D. KEISLER,[1] Acting
U.S. Attorney General,
Respondent–Appellee.

No. 06–1755–ag.

United States Court of Appeals,
Second Circuit.

Oct. 25, 2007.

Anne E. Doebler, Ian G. Tichell, on the brief, Buffalo, NY, for Petitioner.

Terrance P. Flynn, United States Attorney, Western District of New York, Gail Y. Mitchell, Assistant United States Attorney, Buffalo, NY, for Respondent.

---

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. PIERRE N. LEVAL and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Brenda Longwe, a citizen of Malawi born in Zimbabwe, seeks review of a March 14, 2006 order of the BIA affirming the October 12, 2004 decision of Immigration Judge ("IJ") Philip J. Montante denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[2] *In re Brenda Longwe*, No. A 97 304 827 (B.I.A. Mar. 14, 2006), *aff'g* Nos. A 97 304 827; A 97 304 828 (Immig. Ct. Buffalo, Oct. 12, 2004).[3] We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 400 (2d Cir.2005). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Id.* at 406.

### I. Asylum

#### A. Adverse Credibility

■ Substantial evidence does not support the IJ's adverse credibility determination. The IJ observed that Longwe left certain questions blank on her Form I–589 and instead partially addressed those questions in an attached statement. The IJ's belief that Longwe's asylum application was therefore "internally inconsistent" makes little sense and does not qualify as a "cogent" reason for finding that her credibility was undermined. *See generally Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). Additionally, Longwe's ability to obtain a passport in Malawi did not support the IJ's adverse credibility finding. *Cf. Cao He Lin,* 428 F.3d at 405 ("Without some specific evidence concerning practices in China, the IJ's conclusion that Lin's midwife could not have obtained a hospital certificate based solely on her word is speculative."). Further, the fact that Longwe failed to provide a specific date for her alleged rape did not undermine her credibility. Although the record reflects that Longwe's testimony regarding her alleged rape was minimal, there was nothing in the record to support the IJ's speculation that "one normally doesn't forget" the date of such a "traumatic event." *See Fiadjoe v. Att'y Gen.,* 411 F.3d 135, 154 (3d Cir.2005) (citing INS guidelines for explanation that trauma caused by sexual abuse may influence ability to present testimony).

Moreover, the IJ unreasonably faulted Longwe for her failure to "immediately" report her past mistreatment in Malawi upon her arrival in the United States. There is no indication in the record that immigration officials met with her at that time and asked her questions designed to elicit the details of an asylum claim, nor does the record suggest that the officer

---

2. Longwe's daughter, Nthanda Longwe, was included in her asylum application as a derivative.

3. The BIA order does not reference Nthanda Longwe.

who interviewed her during the visa application process asked her such questions. *Cf. Ramsameachire v. Ashcroft*, 357 F.3d 169, 179–80 (2d Cir.2004). Furthermore, the IJ's assumption that "if she really had been persecuted, she would have immediately made known her fears to the United States Government upon her arrival here," is flawed because it renders the one-year filing deadline for asylum applications meaningless. 8 U.S.C. § 1158(a)(2)(B).

Lastly, the IJ found that Longwe's credibility was undermined by the absence of any medical records documenting her alleged rape. However, Longwe's failure to provide corroborative evidence, on its own, cannot form the sole basis for an adverse credibility determination. *See Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000). Given the deficiencies in the IJ's other credibility findings, Longwe's failure to produce medical documents does not support the IJ's determination that she was not credible.

### B. Burden of Proof

■ The IJ's decision was also flawed with respect to its burden of proof findings. First, the record does not support the IJ's finding that Longwe's past persecution claim lacked a nexus to a protected ground. Longwe indicated that she was "involved" in political activities in Malawi in that she "supported" her late fiancé who was a member of the opposition Malawi Congress Party. She stated that on one occasion she helped her fiancé with typing and photocopying during the elections, and that she lived with him. She testified that, when she was raped in 1992, she knew that the perpetrators were United Democratic Front ("UDF") members because they "knew" her and her fiancé's house, they dressed in either the colors of the party flag or carried the flags, and she recognized them as "popular" UDF members.

In addition to the alleged rape, Longwe testified that UDF "fought" with her and her fiancé on two other occasions in 1994, and that they sustained "minor injuries."

Longwe's lack of involvement in political activities does not undermine her claim based on *imputed* political opinion. *See Koudriachova v. Gonzales*, 490 F.3d 255, 263–64 (2d Cir.2007); *Chun Gao v. Gonzales*, 424 F.3d 122, 129–30 (2d Cir.2005). The record indicates that the attacks against her fiancé with whom she lived were politically motivated and her physical mistreatment occurred in the same context as those attacks. While Longwe did not testify that the UDF members made specific statements regarding her fiancé's political affiliation, requiring those exact circumstances would be contrary to the BIA's holding in *In re S–P–*, 21 I. & N. Dec. 486, 494 (BIA 1996), that circumstantial evidence of nexus may be sufficient to support an asylum claim. *See, e.g., Osorio v. INS*, 18 F.3d 1017, 1023–25, 1031 (2d Cir. 1994) (finding persecution on account of political opinion where petitioner received two anonymous death threats and several of his fellow union workers were attacked or killed by unidentified armed men). Furthermore, the IJ failed to address Longwe's claim that the UDF members accused her of "helping" and being "part of the group" by "supporting" her fiancé. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir.2006) (emphasizing that in rejecting an applicant's claim, the IJ should "consider all the evidence in the record that has probative value"). In sum, Longwe sufficiently demonstrated that members of the ruling UDF party imputed a political opinion to her, i.e., sympathy with the opposition political party that her fiancé supported. 8 U.S.C. § 1101(a)(42).

The IJ's erroneous conclusion that Longwe's claim lacked a nexus tainted the

remainder of his findings. For instance, it is unclear whether the IJ would have otherwise found that Longwe, if credible, established past persecution, and consequently, a rebuttable presumption of a well-founded fear of persecution. 8 C.F.R. § 1208.13(b)(1). Had Longwe demonstrated past persecution, it would have been the government's burden to establish that, under all the circumstances, it would be reasonable for her to relocate within Malawi, 8 C.F.R. § 1208.13(1)(i)(B), (3), or that a fundamental change in circumstances had occurred, 8 C.F.R. § 1208.13(b)(1)(i)(A).

Further, while the IJ accurately noted that Longwe had family members who continued to live and reside in Malawi, it is unclear how this fact undermined her claim of a well-founded fear of persecution, particularly when she testified that her uncle was imprisoned in Malawi because of "the politics." Moreover, there is nothing in the record to support the IJ's finding that Longwe could return to Zimbabwe, the country of her birth. Although Longwe testified that she had a birth certificate from Zimbabwe, she also stated that she had no relatives there, she was uncertain whether she had a "legal right" to return, and the country was "not at peace now."

Because the IJ's decision is unsupported by substantial evidence, remand is required with respect to Longwe's asylum claim. We therefore decline to reach the agency's disposition of Longwe's claim that she is eligible for asylum based on her HIV status or her assertion that the rape, as a result of which she believes she contracted the HIV virus, makes her eligible for "humanitarian asylum." *See Jalloh v. Gonzales,* 498 F.3d 148 (2d Cir.2007).

## II. Withholding of Removal and CAT

Because Longwe has failed to sufficiently challenge the agency's denial of her claims for withholding of removal and relief under the CAT before this Court, and because addressing those claims does not appear to be necessary to avoid manifest injustice, we deem any such argument waived. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is GRANTED, in part, and DENIED, in part, the decision of the BIA is VACATED, and the case remanded for further proceedings consistent with this order. The pending motion for a stay of removal in this petition is DISMISSED as moot.